# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

UNITED STATES OF AMERICA,　　　◊
　　　　　　　　　　　　　　　　◊
　　　Plaintiff,　　　　　　　　◊
　　　　　　　　　　　　　　　　◊　　　Civ. No. 04-1338-T/An
VS.　　　　　　　　　　　　　　◊　　　Crim. No. 99-10065-1-T
　　　　　　　　　　　　　　　　◊
JERRY WAYNE DICKEY,　　　　　　◊
　　　　　　　　　　　　　　　　◊
　　　Defendant.　　　　　　　　◊

---

## ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
## ORDER DENYING CERTIFICATE OF APPEALABILITY
## AND
## ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

Defendant Jerry Wayne Dickey, Bureau of Prisons inmate registration number 16917-076, an inmate at the Federal Prison Camp in Millington, Tennessee, filed a *pro se* motion pursuant to 28 U.S.C. § 2255 on December 22, 2004, along with a memorandum of law.

On July 19, 2002, a federal grand jury returned a two-count indictment against Dickey and a codefendant, David Larry Burruss. The first count charged both defendants with (1) conspiring to possess and attempt to possess in excess of 500 grams of a substance containing methamphetamine with the intent to distribute and (2) conspiring to distribute and attempt to distribute in excess of 500 grams of a substance containing methamphetamine, in violation of 21 U.S.C. § 846. The second count charged that Dickey,

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on ___06-21-05___

on or about July 14, 1999, possessed in excess of 500 grams of a substance containing methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to a written plea agreement, Dickey entered a plea of guilty to the first count of the indictment on December 14, 1999. The plea agreement provided, *inter alia*, that "[t]he defendant . . . and the government agree that the defendant's relevant conduct is between 1.5 kilograms and 5.0 kilograms of a substance containing methamphetamine." (Plea Agreement, ¶ 2.) The Court conducted a sentencing hearing on March 8, 2000, at which time Dickey was sentenced to 120 months imprisonment, to be followed by a five-year period of supervised release.[1] Judgment was entered on March 15, 2000. Dickey did not take a direct appeal.

Dickey has now filed a § 2255 motion in which he contends he received ineffective assistance of counsel, in violation of the Sixth Amendment. In particular, Dickey contends that:

1.    Counsel failed to argue that Dickey met the criteria for a downward departure pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 of the United States Sentencing Guidelines;

2.    Counsel failed to challenge the drug quantity; and

3.    Counsel failed to file a notice of appeal.

---

[1] Although the sentencing guidelines provided for a lower range of punishment, the mandatory minimum sentence for a drug offense involving 50 grams or more of methamphetamine is ten years. 21 U.S.C. §§ 846, 841(b)(1)(A)(viii). In sentencing Dickey to the statutory mandatory minimum, the Court rejected the recommendation in the presentence report that Dickey qualified for the safety valve set forth in § 5C1.2 of the United States Sentencing Guidelines ("U.S.S.G.").

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, *inter alia*, at 28 U.S.C. § 2244 *et seq.*) ("AEDPA"), created a statute of limitations for filing motions under § 2255. Because this petition was filed after April 24, 1996, the AEDPA is applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). As a threshold matter, the Court should consider the effect of the statute of limitations on defendant's claims. Holloway v. Corcoran, 980 F. Supp. 160, 161 (D. Md. 1997), *app. dismissed*, 161 F.3d 1155 (4th Cir. 1998); Bronaugh v. Ohio, 235 F.3d 280 (6th Cir. 2000).

The relevant portion of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). Where, as here, a defendant does not take a direct appeal, "an unappealed district court judgment of

3

conviction becomes 'final' ten days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect." Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004); see also United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002) ("when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered . . . or on the date on which the time for filing such appeal expired"; describing the latter as the "majority view"); Chandler v. United States, 22 Fed. Appx. 399, 400 (6th Cir. Sept. 25, 2001).

In this case, judgment was entered on March 15, 2000. Dickey's conviction became final no later than March 27, 2000, the last day on which he could have filed a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i). This motion was filed on December 22, 2004, more than three and one-half years after the expiration of the limitations period. It is clearly time barred.[2]

It is also necessary to consider whether the limitations period is subject to equitable tolling in this case. In Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

---

[2] Section 2255 provides that the limitations period begins to run from the latest of the four specified circumstances. However, an examination of Dickey's motion indicates that each of the claims he seeks to assert was available to him during the time he could have filed a timely § 2255 motion. Accordingly, the limitations period began to run when Dickey's conviction became final.

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Id. at 1008.[3]

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when *pro se* litigant missed filing deadline by one day). Thus, ignorance of the law by *pro se* litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept.

---

[3] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[4]

In this case, Dickey suggests that his failure to file a timely § 2255 motion is attributable to the fact that, at the time of his sentencing hearing, he had a fifth grade educational level and did not fully understand the proceedings. He asserts that this motion was filed promptly upon his receipt of a general equivalency degree ("GED"). As a matter of law, however, those facts do not provide a basis for equitable tolling.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing § 2255 Proceedings. Therefore, the Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Therefore, defendant's motion under § 2255 is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial

---

[4] See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be

> debatable even though every jurist of reason might agree, after the COA has
> been granted and the case has received full consideration, that petitioner will
> not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against

conflating their analysis of the merits with the decision of whether to issue a COA: "The

question is the debatability of the underlying constitutional claim, not the resolution of that

debate.").[5]

In this case, the defendant's claim is clearly time barred and, therefore, he cannot

present a question of some substance about which reasonable jurists could differ.  The Court

therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C.

§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.  Kincade v.

Sparkman, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal *in forma pauperis* in a

§ 2255 case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913

and 1917, the defendant must obtain pauper status pursuant to Federal Rule of Appellate

Procedure 24(a).  Kincade, 117 F.3d at 952.  Rule 24(a) provides that a party seeking pauper

status on appeal must first file a motion in the district court, along with a supporting

affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district

court certifies that an appeal would not be taken in good faith, or otherwise denies leave to

---

[5] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued
as directing that a COA always must issue." Miller-El, 537 U.S. at 337.  Instead, the COA requirement implements
a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

appeal *in forma pauperis*, the defendant must file his motion to proceed *in forma pauperis* in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if the defendant files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this ___20th___ day of June, 2005.


JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in
case 1:04-CV-01338 was distributed by fax, mail, or direct printing on
June 21, 2005 to the parties listed.

---

Jerry Wayne Dickey
#16917-07
P.O. Box 2000
Millington, TN 38038

USA

,

Honorable James Todd
US DISTRICT COURT